**Slip Op. 15-90**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **UNITED STATES**, <br><br> Plaintiff, <br><br> v. <br><br> **SELECTA CORPORATION, LLC**, <br> **d/b/a/ Dickies Medical Uniforms**, <br><br> Defendant. | **Before: Timothy C. Stanceu, Chief Judge** <br><br> **Court No. 11-00089** |

**OPINION AND ORDER**

[Denying plaintiff's application for a judgment by default against defendant in the amount of $51,102]

Date: August 20, 2015

*Franklin E. White, Jr.*, Assistant Director, and *Antonia R. Soares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for plaintiff United States. With them on the brief were *Joyce R. Branda*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director. Of counsel on the brief was *Patricia L. Makin*, Senior Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection.

Stanceu, Chief Judge: Plaintiff United States seeks to recover a civil penalty under

section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2006) ("section 592") from

Selecta Corporation, LLC, d/b/a/ Dickies Medical Uniforms ("Selecta") following the entry of

Selecta's default. Before the court is plaintiff's application for a judgment by default seeking a

civil penalty of $51,102, which plaintiff submits is the interest on the amount of lawful duties,

taxes, and fees of which the United States was deprived, and also seeking additional,

prejudgment interest and costs. Pl.'s Mot. for Default J. 1 (Oct. 31, 2014), ECF No. 11 ("Pl.'s

Mot."); App. to Pl.'s Mot. for Default J. (Oct. 31, 2014), ECF No. 12 ("Pl.'s App."). Upon

Case 1:11-cv-00089-TCS   Document 14   Filed 08/20/15   Page 2 of 6

review of the complaint and plaintiff's application, the court holds that plaintiff has not

established its entitlement to the default judgment it seeks against Selecta.  Unable to conclude

from the complaint that the penalty claim has been set forth sufficiently with well-pled facts, the

court is denying, without prejudice, plaintiff's application for a default judgment.

## I.  BACKGROUND

The following circumstances are those alleged in the complaint and addressed in

plaintiff's application for a judgment by default.

In 2009, Selecta filed, and later supplemented, a prior disclosure with U.S. Customs and

Border Protection ("Customs") pursuant to section 592(c)(4), 19 U.S.C. § 1592(c)(4) (2006),[1]

informing Customs that Selecta incorrectly had classified and undervalued certain wearing

apparel (chiefly, medical scrubs and lab coats), and made certain other errors, on 1,458 entries of

merchandise occurring between April 17, 2004 and April 17, 2009 at various ports of entry.  *See*

Compl. ¶ 4 (Apr. 8, 2011), ECF No. 3 ("Compl."); *Decl. of Debbie M. Nichols* (Oct. 30, 2014)

("*Nichols Decl.*"), Pl.'s App. Ex. 1 at Attachs. A (initial prior disclosure), B (supplemental

disclosure); *Waiver of Statute of Limitations by Selecta Corp., LLC* (Apr. 21, 2009), ECF No. 13.

To perfect the prior disclosure, Selecta tendered to Customs $839,694.38, an amount determined

by Customs to constitute the underpayment of duties and fees on the entries.  *Nichols Decl.* at

Attachs. C, E, H.

On July 12, 2010, counsel for Selecta stated that the firm had ceased to represent the

company and that, to the best of counsel's knowledge, "Selecta is no longer in business" though

"still in good standing with the State of Texas." *Nichols Decl.* at Attach. G.  On

---

[1] Unless otherwise noted, all statutory citations are to the 2006 edition of the United States Code.

August 27, 2010, Customs issued a pre-penalty notice to Selecta, *id.* at Attach. J, and, on

October 14, 2010, after receiving no response from the company, Customs issued a notice of

penalty in the amount of $51,102, which it said represented the interest calculated from the dates

of liquidation of the various entries to the date Selecta filed its supplemental disclosure with

payment of duties, taxes, and fees, pursuant to 19 U.S.C. § 1592(c)(4)(B).  *Id.* at Attach. K.

On April 8, 2011, plaintiff commenced this action by filing a summons and complaint

seeking to recover a civil penalty of $51,102.  Summons, ECF. No. 1; Compl. ¶¶ 11-14.  On

June 24, 2011, plaintiff served the summons and complaint on Selecta's registered agent, CT

Corporation.  Aff. of Serv. (Aug. 2, 2011), ECF No. 6; *Nichols Decl*. at Attach. G (letter from

Selecta's counsel to Customs listing CT Corporation as Selecta's agent).  On August 15, 2011,

CT Corporation replied that it had been unsuccessful in sending the documents to Selecta's

last-known address and that its attempts to locate a new address for the company had been

fruitless.  Letter from CT Corp. to Customs, ECF No. 7.

Selecta failed to file any responsive documents in this action and, on September 5, 2013,

plaintiff moved for default, which was entered by the Clerk of Court on the same day.  Pl.'s Req.

for Entry of Default, ECF No. 9; Entry of Default, ECF No. 10.  On October 31, 2014, plaintiff

filed its motion for a default judgment pursuant to USCIT Rule 55(b).  Pl.'s Mot. 1.  Selecta has

not filed any papers in response.

## II.  DISCUSSION

Based on the facts alleged in the complaint, the court concludes that it has subject matter

jurisdiction over this action according to section 201 of the Customs Courts Act of 1980, as

amended, 28 U.S.C. § 1582(1) (2006).  Additionally, plaintiff has obtained personal jurisdiction

over defendant.[2]

In evaluating an application for judgment by default, the court accepts as true all

well-pled facts in the complaint but must reach its own legal conclusions.  *Nishimatsu Constr.*

*Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("*Nishimatsu Constr. Co.*")

(citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (other citations omitted)); 10A Charles

Allan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed. 1998).  Even after an entry

of default, "it remains for the court to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit mere conclusions of law."

Wright, *supra*, § 2688; *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206-08 (vacating a district

court's entry of default judgment because the pleadings were insufficient to support the

judgment).  "There must be a sufficient basis in the pleadings for the judgment entered."

*Nishimatsu Constr. Co.*, 515 F.2d at 1206 (footnote omitted).

Under section 592(a), it is unlawful for any person, by fraud, gross negligence, or

negligence, to "enter, introduce, or attempt to enter or introduce any merchandise into the

commerce of the United States" by means of documents, statements, or acts that are material and

---

[2] Plaintiff served process on Selecta's duly-authorized agent and mailed Selecta copies of the summons and complaint.  *See* USCIT R. 4(g)(1)(B) (permitting service of a corporation "by delivering a copy of the summons and the complaint to . . . any . . agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant"); Aff. of Serv. (Aug. 2, 2011), ECF No. 6; *Letter to Selecta from Customs Requesting Waiver* (June 13, 2011), ECF No. 12-1; Tex. Bus. Orgs. Code Ann. § 5.201 (2013) ("the registered agent is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity").  Because CT Corporation is an agent authorized to accept service by Texas statute, plaintiff's service on CT Corporation was proper here.  *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012) ("[S]ervice effected on a registered agent within the scope of its agency is imputed to the litigant").

false or by material omissions.  19 U.S.C. § 1592(a)(1)(A).  Here, the court considers whether

the complaint sets forth well-pled facts that, when deemed to be admitted by Selecta as a result

of the entry of default, are sufficient to establish the defendant's liability under section 592 for a

civil penalty in the amount being sought.

Paragraph 5 of the complaint alleges that Selecta entered the merchandise on the

identified entries "by means of material false statements and/or omissions" and that

"[s]pecifically, inaccurate classifications and values were stated for the merchandise."  Compl.

¶ 5.  The paragraph alleges further that "[t]hese material false statements constituted negligent

violations of 19 U.S.C. § 1592(a) because Selecta failed to exercise reasonable care and

competence to ensure that the statements were correct."  *Id*.  The paragraph concludes by stating

that "[t]he violations resulted in a loss of duties totaling $834,879.98."  *Id*.  Paragraph 12 of the

complaint identifies the merchandise as "certain wearing apparel, consisting mostly of medical

scrubs and lab coats . . . ."  *Id.* ¶ 12.

The allegations that the complaint directs to the question of section 592 violations are

conclusory in nature, incorporating conclusions of law as well as statements of fact.  The

complaint lacks specific, well-pled facts sufficient to allow the court to conclude that

classifications and valuations of the merchandise were in violation of section 592 and together

resulted in a loss of revenue to the United States of $834,879.98, the amount on which plaintiff

based its penalty claim.  As an exhibit to the complaint, plaintiff filed a chart listing Selecta's

entries during the relevant period with entry dates, ports of entry, dates of liquidation, and certain

other information.  *See* Compl., Ex. A.  Like the complaint, the chart fails to allege factual

circumstances from which the court could conclude that Selecta committed violations of

section 592 that stemmed from negligent misclassifications and undervaluations.[3]

### III. CONCLUSION AND ORDER

The complaint fails to allege well-pled facts from which the court can conclude that

plaintiff is entitled by law to a judgment by default against defendant Selecta for a civil penalty

of $51,102 incurred for violations of 19 U.S.C. § 1592.  Therefore, upon consideration of all

papers and proceedings herein, it is hereby

**ORDERED** that plaintiff's application for judgment by default against defendant Selecta be, and hereby is, denied without prejudice; and it is further

**ORDERED** that unless plaintiff moves within sixty (60) days of the date of this Opinion and Order for leave to file an amended complaint and lodges its proposed complaint with that motion, plaintiff, upon entry of a further order, shall be required to show cause why this action should not be dismissed.

/s/Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  August 20, 2015
        New York, New York

---

[3] In its application for default judgment, plaintiff attached as an exhibit the documentation constituting Selecta's prior disclosure.  App. to Pl.'s Mot. for Default J. (Oct. 31, 2014), ECF No. 12 ("Pl.'s App."), Ex. 1, at Attachs. A (initial prior disclosure), B (supplemental disclosure).  Plaintiff neither attached the prior disclosure documentation as an exhibit to the complaint nor incorporated the documentation into the complaint by reference. Even were it before the court as a part of a pleading, the prior disclosure would not necessarily cure the defects in the complaint.  From the complaint, the court is vaguely informed that the loss of $834,879.98 in revenue resulted entirely from negligent misclassifications and undervaluations of the merchandise on the various entries.  *See* Compl. ¶¶ 5, 12 (Apr. 8, 2011), ECF No. 3.  According to the prior disclosure documentation, one of Selecta's brokers underpaid U.S. Customs and Border Protection by the amount of $123,756.28.  Pl.'s App. Ex. 1, at Attach. B, at 4.  The prior disclosure documentation also identifies a loss of revenue of $281,769.44 due to "ITRAC errors." *Id.*  The complaint makes no mention of the broker's underpayments or the ITRAC errors and thus does not explain whether, or how, these matters affected the alleged loss of revenue to the United States.