Slip Op. No. 19-4

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**,<br><br>              Plaintiff,<br><br>            v.<br><br>**SELECTA CORPORATION, LLC**<br>**d/b/a/ Dickies Medical Uniforms**,<br><br>              Defendant. | **Before: Timothy C. Stanceu, Chief Judge**<br><br>**Court No. 11-00089** |

[Granting plaintiff's motion for a judgment by default]

Dated: January 11, 2019

*Antonia R. Soares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for plaintiff.  With her on the brief were *Joseph H. Hunt*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director.  Of counsel was *Judith M. Ubando*, Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection, of Houston, TX.

## OPINION

Plaintiff moves for entry of a judgment by default ("default judgment") in an action brought to recover a civil penalty under section 592 of the Tariff Act of 1930, *as amended* ("Tariff Act"), 19 U.S.C. § 1592 (2000).[1]  Pl.'s Renewed Mot. for Default J. (Oct. 1, 2018), ECF Nos. 24 (conf.), 26 (public) ("Pl.'s Mot.").  The court grants a default judgment for a penalty in the amount plaintiff seeks, plus post-judgment interest as provided by law, and costs.

---

[1] Further citations to the Tariff Act are to the relevant portions of the 2000 edition of the United States Code.

# I. BACKGROUND

Plaintiff's amended complaint seeks $51,102, plus post-judgment interest and costs, stemming from administrative penalty procedures conducted by Customs and Border Protection ("Customs") against defendant Selecta Corporation, LLC ("Selecta"). Am. Compl. (July 19, 2016), ECF No. 21. Plaintiff filed proof of service of the amended complaint on Selecta's Chief Executive Officer. Proof of Service (Aug. 23, 2016), ECF No. 23. In response to an inquiry by a representative of the Clerk of the Court, plaintiff informed the office of the Clerk of its intention to file a motion (i.e., an application) for a judgment by default by July 2018 and later indicated that its motion would be filed on October 1, 2018.

Plaintiff's application for a default judgment, like its amended complaint, seeks $51,102, plus post-judgment interest and costs. Pl.'s Mot. Plaintiff has not filed an affidavit or other submission addressing a failure on the part of Selecta to plead or otherwise defend. *See* USCIT R. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Because no entry of default had been entered with respect to the amended complaint, the court, on January 4, 2019, directed the Clerk of the Court to enter defendant's default in this case. Order (Jan. 4, 2019), ECF No. 28. Default was entered on January 8, 2019. Entry of Default (Jan. 8, 2019), ECF No. 29.

# II. DISCUSSION

The court will proceed to rule on plaintiff's application for a default judgment. In doing so, the court will presume as true all well-pled facts as set forth in the amended complaint. *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, Appeal No. 2017-2637, at 13, 2018 WL 5309940, at *6

(Fed. Cir. Oct. 26, 2018) (unpublished) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

The amended complaint alleges that Selecta, through prior disclosures made on April 1 and October 30, 2009, admitted to having misclassified and undervalued certain imported merchandise on 1295 entries of certain wearing apparel, principally medical scrubs and lab coats, that it made through twelve ports of entry during the period between April 17, 2004 and April 17, 2009. Am. Compl. ¶¶ 4-6. Selecta calculated a loss of revenue to the government of $834,879.98. *Id.* ¶¶ 7, 12. Selecta tendered this amount on October 30, 2009 and, on April 5, 2010, tendered an additional $4,814.40 determined by Customs to remain owing on the entries subject to the prior disclosures. *Id.* ¶¶ 15, 17, 19. Customs determined that Selecta had satisfied the requirements for a prior disclosure, impliedly accepting that the total tendered amount of $839,694.38 represented the total loss of revenue. *Id.* ¶¶ 17-18.

In 2010, Customs issued a pre-penalty notice of its intention to seek a penalty of $51,102, based on a degree of culpability of negligence and calculated as the amount of interest on the previously underpaid duties and fees, *id.* ¶ 20, and subsequently issued a notice of a penalty claim in that amount, *id.* ¶ 21. Selecta did not respond to the penalty claim and has not tendered any amount in addition to its earlier tenders. *Id.*

Plaintiff alleges that Selecta's violations of section 592(a) of the Tariff Act occurred due to negligence. *Id.* ¶ 23. In an action brought under section 592(e) to recover a civil penalty, the United States has the burden of establishing that the acts or omissions constituting a violation of section 592 occurred, and once that burden is met, the defendant has the burden of showing that they did not occur due to negligence. 19 U.S.C. § 1592(e)(4). The amended complaint alleges that material false statements occurred, and, moreover, alleges that the occurrence of the material

false statements made upon entry of the merchandise were admitted in Selecta's prior disclosure submissions. Am. Compl. ¶¶ 12, 19. Defendant has made no showing that the false statements were not the result of negligence on its part.

Under 19 U.S.C. § 1592(c)(4)(B), upon a valid prior disclosure, the maximum penalty for a negligent violation is the interest, computed from the date of liquidation at the prevailing rate of interest applied under section 6621 of Title 26, U.S. Code, on the amount of lawful duties, taxes, and fees of which the United States was deprived. Customs determined that amount, computed from the dates of liquidation of the entries until payment by Selecta, as $51,102. Am. Compl. ¶ 18. Plaintiff alleges that this amount "represents the interest computed on the underpaid duties and fees, totaling $839,894.38." *Id.* ¶ 24.

The amount of a penalty is determined by the court *de novo*. 19 U.S.C. § 1592(e)(1). The court may consider various factors, including aggravating and mitigating factors, in determining the amount of penalty, up to the statutory maximum amount. In this case, while the statute characterizes the interest amount calculated according to 19 U.S.C. § 1592(c)(4)(B) as a maximum "penalty," the interest plaintiff seeks is only the amount that would make the government whole for the unpaid duties and fees accruing from the dates of liquidation up until the dates of the tenders, made on October 30, 2009 and on April 5, 2010.

Defendant having failed to respond in any way since the issuance of the penalty claim and throughout the pendency of this litigation before the court, the court has no basis to conclude that the penalty the government seeks, calculated as the amount of the interest from the dates of liquidation to the dates of payment, would be inequitable. Based on the government's loss of the use of funds, the court concludes that the imposition of the penalty sought by plaintiff is, rather, the appropriate disposition of this action.

### III. CONCLUSION

For the reasons set forth above, the court will enter judgment for plaintiff for a civil penalty in the amount of $51,102, plus post-judgment interest as provided by law, and costs.

                                                /s/Timothy C. Stanceu
                                                Timothy C. Stanceu
                                                Chief Judge

Dated:  January 11, 2019
        New York, New York